AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
для the
Southern District of Ohio

In the Matter of the Tracking of )
*(Identify the person to be tracked or describe* )
*the object or property to be used for tracking)* )
2017 GMC TERRAIN ) Case No. 2:21-mj-749
OHIO LICENSE PLATE - JHD6967 )
VIN: 2GKALREK8H6122168 )

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __846__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.
☐ The activity in this district relates to domestic or international terrorism.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.
☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Alexa Montesano
*Applicant's printed name and title*

Sworn to before me and signed in my presence. VIA FACETIME

Date: 11/23/2021

_____
*Judge's signature*

City and state: Columbus, Ohio

Elizabeth Preston Deavers, U.S. Magistrate Judge
*Printed name and title*

## INTRODUCTION

I, Alexa Montesano, (hereafter referred to as affiant) been duly sworn depose and state:

1.  I am a Special Agent with the Drug Enforcement Administration (DEA), assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 United States Code, Section 2516(1). During this time, your affiant has accumulated the following training and experience:

2.  I graduated from the DEA Academy located in Quantico, Virginia in 2021. I received approximately 16 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques, and money laundering investigations.

3.  As a DEA agent, I have participated in the execution of numerous search warrants at residences and businesses of narcotics traffickers, safe houses, crack houses, and have participated in numerous search warrants and investigations for drug related offenses.

4.  As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, fentanyl, and its analogues, methamphetamine and other controlled substances as defined in 21 U.S.C. § 801. I know that these are controlled substances under 21 U.S.C. § 801.

5.  During the course of my law enforcement career, I have had experience in debriefing defendants, interviewing participating witnesses, cooperating individuals, and other persons who have personal knowledge and experience regarding the amassing, spending,

conversion, transportation, distribution and concealment of records and proceeds of trafficking in controlled substances.

6. Before joining DEA, I was a police officer for approximately two years, during the course of my law enforcement career, I have had experiences with narcotics investigations.

7. The facts and information contained herein are based on my personal knowledge and experience, that of other law enforcement personnel, surveillance operations, and from persons with knowledge regarding relevant facts and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this investigation.

## **PROBABLE CAUSE**

1. I make this Affidavit in support of an application, pursuant to Federal Rule of Criminal Procedure 41, for a Search Warrant, authorizing the placement, installation, and use of a Global Positioning System ("GPS") mobile tracking device on:

2. A black 2017 GMC Terrain, bearing Ohio registration of JHD 6967 and vehicle identification number (VIN) 2GKALREK8H6122168 (hereinafter, "**TARGET VEHICLE**"), utilized by Susana ORELLANA (hereinafter, "**ORELLANA**") and Isabel Odir **CASTELLANOS** (hereinafter, "**CASTELLANOS**").

3. I submit that there is probable cause to believe that the **TARGET VEHICLE** has been and will be used by **ORELLANA and CASTELLANOS** to facilitate the distribution and possession with the intent to distribute controlled substances as well as conspiring to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846, within the Southern District of Ohio and elsewhere. I further state that there is probable cause to believe that the installation and use of the tracking device in or on the **TARGET VEHICLE** will lead to evidence, fruits, and instrumentalities of the aforementioned crimes, as well as to the identification of individuals who are engaged in the commission of those and related crimes.

4. In May of 2021, members of the DEA Columbus District Office (CDO) and local law enforcement in Ohio began investigating into **CASTELLANOS** drug trafficking organization (hereinafter, "DTO") for distributing large quantities of cocaine and methamphetamine throughout the Southern District of Ohio.

5. Through the investigation, investigators identified **ORELLANA**, Martel OWENS (hereinafter OWENS), and **CASTELLANOS** as members of a cocaine and methamphetamine DTO. Investigators determined OWENS' role in the DTO is a "middle level retail distributor". OWENS contacts **CASTELLANOS** when his supply of cocaine and/or methamphetamine is low. **CASTELLANOS'** role in the DTO is a cocaine and methamphetamine source of supply and facilitator. If **CASTELLANOS** is not available, **CASTELLANOS** contacts **ORELLANA** to transport the cocaine and/or methamphetamine to the middle level retail distributor. Subsequently, **ORELLANA** collects the drug proceeds after she delivers the narcotics to the middle level retail distributor. **ORELLANA's** role is a cocaine and methamphetamine facilitator.

6. On October 27, 2021, the Honorable Sarah D. Morrison, United States District Judge for the Southern District of Ohio, executed orders authorizing the interception of wire and electronic communications over telephone number (501) 297-0678, utilized by OWENS. Interceptions commenced on October 28, 2021.

7. On or about October 28, 2021, OWENS, using (501) 297-0678, contacted **CASTELLANOS**, using (323) 788-4275. This wire communication was verified using telephone toll analysis, and what follows is a summary of a portion of the wire communication and is not verbatim: OWENS requested to purchase approximately 2 windows, which investigators know the coded word "window" means one pound of methamphetamine, and requested a whole, which investigators know the coded word "whole" means one kilogram of cocaine, from **CASTELLANOS**. **CASTELLANOS** stated that he needed to check with "her" to see when she will be ready, which investigators know the coded word "her" means **ORELLANA**. OWENS indicated he had $18,000 plus 48 for **CASTELLANOS**.

8. On the same date, investigators observed through electronic surveillance the **TARGET VEHICLE**, registered to **ORELLANA** at 633 Galli Court, Columbus Ohio 43228,

departed the area of Galli Court and traveled westbound on Interstate 70. Investigators through physical surveillance observed the **TARGET VEHICLE** pull into the Walmart located at 200 South Tuttle Road, Springfield, Ohio 45505 and park in isle number 6.

9. Then CDO intercepted an incoming telephone call from **CASTELLANOS**, utilizing (323) 788-4275). This wire communication was verified using telephone toll analysis, and what follows is a summary of a portion of the wire communication and is not verbatim: **CASTELLANOS** tells OWENS that **ORELLANA** will be at the Walmart in Springfield, Ohio in 15 minutes and that she has four windows but does not think that she picked up the "cement", which investigators at this time do not know the coded meaning for the word "cement".

10. Subsequently, investigators observed OWENS, driving 2020 Dodge Ram arrive at the Walmart, located at 200 South Tuttle Road. Investigators observed OWENS park next to the **TARGET VEHICLE**. Investigators observed as **ORELLANA** exited the **TARGET VEHICLE** carrying a bag. Investigators observed as **ORELLANA** placed the bag in the rear passenger seat of the Dodge Ram and return to the **TARGET VEHICLE**. Investigators through physical surveillance observed the **TARGET VEHICLE** departed the Walmart, located at 200 South Tuttle and through electronic surveillance, investigators observed the **TARGET VEHICLE** arrive at 633 Galli Court.

11. On or about October 30, 2021, the CDO intercepted an outgoing text message from OWENS to **CASTELLANOS**, utilizing (323) 788-4275. This wire communication was verified using telephone toll analysis, and what follows is a summary of a portion of the wire communication and is not verbatim: OWENS asked **CASTELLANOS** when "she" will come.

12. On the same date, the CDO intercepted an incoming text message from **CASTELLANOS**, utilizing (323) 788-4275. This wire communication was verified using telephone toll analysis, and what follows is a summary of a portion of the wire communication and is not verbatim: **CASTELLANOS** stated that "she" will come but that he has to contact her. OWENS replied by asking if "she" will come before 4:00pm. Investigators through electronic surveillance observed the **TARGET VEHICLE** departed the area of 633 Galli Court and was traveling westbound on Interstate 70. The CDO intercepted an incoming telephone call from **CASTELLANOS**, utilizing (323) 788-4275. This wire communication was verified using

telephone toll analysis, and what follows is a summary of a portion of the wire communication and is not verbatim: **CASTELLANOS** tells OWENS 15 minutes at Walmart located at 200 South Tuttle Road. **CASTELLANOS** then asks OWENS where is he is and attempts to help **ORELLANA** and OWENS locate each other. Investigators through electronic surveillance observed the **TARGET VEHICLE** arrive at Walmart located at 200 South Tuttle Road. Electronic surveillance revealed the **TARGET VEHICLE** departing the Walmart at 200 South Tuttle Road.

13. On or about November 3, 2021, the CDO intercepted an outgoing telephone call to **CASTELLANOS**, utilizing (323) 788-4275. This wire communication was verified using telephone toll analysis, and what follows is a summary of a portion of the wire communication and is not verbatim: OWENS requested 7 windows from **CASTELLANOS** for $2,200 per window however, **CASTELLANOS** stated that he was unable to settle for that price. **CASTELLANOS** stated that he would settle for a price of $2,500 per window to help OWENS out.

14. On or about November 4, 2021, the CDO intercepted an incoming text message from **CASTELLANOS**, utilizing (323) 788-4275. This wire communication was verified using telephone toll analysis, and what follows is a summary of a portion of the wire communication and is not verbatim: **CASTELLANOS** tells OWENS that "she" has the windows and asks where OWENS is located. OWENS replies requesting 7 windows at 628 West North Street, Springfield, Ohio 45504. Investigators observed through electronic surveillance that the **TARGET VEHICLE** had departed 633 Galli Court. Investigators observed through physical surveillance the **TARGET VEHICLE** arrive at 628 West North Street and was driven be **ORELLANA**. Investigators observed the **TARGET VEHICLE** park on the street in front of 628 West North Street and observed OWENS get into the front passenger seat of the **TARGET VEHICLE** holding only his telephone. Investigators observed OWENS exit the **TARGET VEHICLE** with something under his right arm, which investigators were later able to identify as a blue drawstring back, and place the blue bag into a Ford F-150 being utilized by OWENS. Investigators observed the **TARGET VEHICLE** depart 628 West North Street and through electronic surveillance observed the **TARGET VEHICLE** arrive at 633 Galli Court.

15. Based on investigators observation, investigators believe **ORELLANA** and **CASTELLANOS** are utilizing the **TARGET VEHICLE** to further their cocaine and methamphetamine DTO.

### REQUEST ACCESS TO TRACK VEHICLE

1. To track the movement of the **TARGET VEHICLE** effectively and to decrease the chance of detection, investigators pursue to place a mobile tracking device in or on the **TARGET VEHICLE** while in the Southern District of Ohio. It may be necessary to enter onto private property and/or move the **TARGET VEHICLE** in order to effect the installation, adjustment, repair, replacement, and/or removal of the tracking devices. Your Affiant therefore requests authorization to enter onto private property to effect the installation, adjustment, repair, replacement, and removal of the tracking devices. Your affiant further requests authority to enter the **TARGET VEHICLE** for the purpose of installing, maintaining, and removing the GPS tracking device.

2. Additionally, your affiant requests permission to affix, adjust, repair, replace, and remove this mobile tracking device at any time of day or night. As detailed above, your affiant believes **ORELLANA** and **CASTELLANOS** will continue to utilize the **TARGET VEHICLE** to conduct narcotics transactions. Due to the surreptitious and cautious nature of drug traffickers, it may be difficult for investigators to affix this mobile tracking device in regular daylight hours. Further, the congested roadways and pedestrian traffic of Columbus, Ohio increase the risk that investigators may be detected or arouse suspicion. Therefore, your affiant also requests permission to affix this mobile tracking device at any time day or night.

3. In the event the Court grants this application, there will be periodic monitoring of the mobile tracking device during both daytime and nighttime hours. In addition, the mobile tracking device may produce signals from inside private garages or other such locations not open to public or visual surveillance.

### DELAYED NOTIFICATION

1. In accordance with Title 18, United States Code, Section 3103a(b), I request that the Court order delay of notification of the execution of the order for a period not to exceed 30

days (or some lesser period) because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation. It is requested that such period of delay thereafter be extended by the court for good cause shown, subject to the condition that extensions should only be granted upon an updated showing of the need for further delay.

## **CONCLUSION**

1. WHEREFORE, your affiant respectfully requests that the Court issue an order authorizing investigators of the Department of Justice, including the DEA or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install and remove a mobile tracking device in or on the **TARGET VEHICLE**, and to surreptitiously enter onto private property and into the **TARGET VEHICLE** at any hour of the night or day in order to install the electronic tracking device, remove the electronic tracking device, or to make any mechanical adjustments should the device become inoperable and to monitor the signals from that tracking device, for a period of 45 days following the issuance of the Court's order, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that the **TARGET VEHICLE** leave the Southern District of Ohio but remains within the United States.

2. I also request that the Order authorizes investigators of the DEA, or their authorized representatives not be required to leave a copy of the Court's Order in any vehicles entered, due to the covert nature of the installations and investigation.

3. The above information is true and correct to the best of my knowledge, information and belief.

Alexa Montesano
Drug Enforcement Administration
Special Agent

SUBSCRIBED and SWORN to before me this _____ day of November, 2021. Time: 10:16 AM

Honorable Elizabeth Preston Deavers
United States Magistrate Judge
Southern District of Ohio